# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CONOCOPHILLIPS PETROZUATA B.V., CONOCOPHILLIPS GULF OF PARIA B.V., PHILLIPS PETROLEUM COMPANY VENEZUELA LIMITED, and CONOCOPHILLIPS HAMACA B.V.,<br><br>Plaintiffs,<br><br>v.<br><br>GIRARD STREET INVESTMENT HOLDINGS LLC, G&A STRATEGIC INVESTMENTS I LLC, G&A STRATEGIC INVESTMENTS II LLC, G&A STRATEGIC INVESTMENTS III LLC, G&A STRATEGIC INVESTMENTS IV LLC, G&A STRATEGIC INVESTMENTS V LLC, G&A STRATEGIC INVESTMENTS VI LLC, G&A STRATEGIC INVESTMENTS VII LLC, GRAMERCY DISTRESSED OPPORTUNITY FUND, LLC, SIEMENS ENERGY, INC., THE BOLIVARIAN REPUBLIC OF VENEZUELA, PETROLEOS DE VENEZUELA, S.A., and PDV HOLDING, INC.,<br><br>Defendants. | C.A. No._____ |

## COMPLAINT FOR DECLARATORY OR ALTERNATIVE RELIEF

### NATURE OF THE ACTION

1.  This is an action to obtain a declaratory judgment that PDV Holding, Inc. ("PDVH") is not subject to claims of reverse veil piercing that would allow creditors of its owner, Petroleos de Venezuela S.A. ("PDVSA"), to reach PDVH's ownership interest in Citgo Holding, Inc. ("Citgo Holding"). In the alternative, this action seeks to obtain writs of attachment against the shares of Citgo Holding in favor of every Additional Judgment Creditor in the order of priority

previously established by the Court in the action captioned *Crystallex International Corp.* v. *Bolivarian Republic of Venezuela*, No. 17-mc-151 (D. Del.).

## PARTIES

2.  Plaintiff ConocoPhillips Petrozuata B.V. ("CPZ") is a company incorporated under the laws of the Kingdom of the Netherlands. Its registered office is at Anna van Buerenplein 41, 2595 DA The Hague, The Netherlands. CPZ is a wholly owned subsidiary of Conoco Orinoco Inc., which is a wholly owned subsidiary of ConocoPhillips Company.

3.  Plaintiff ConocoPhillips Hamaca B.V. ("CPH") is a company incorporated under the laws of the Kingdom of the Netherlands. Its registered office is at Anna van Buerenplein 41, 2595 DA The Hague, The Netherlands. CPH is a wholly owned subsidiary of Phillips Petroleum International Investment Company LLC, which is a wholly owned subsidiary of Phillips Investment Company LLC, which is a wholly owned subsidiary of ConocoPhillips Company.

4.  Plaintiff ConocoPhillips Gulf of Paria B.V. ("CPG") is a company incorporated under the laws of the Kingdom of the Netherlands. Its registered office is at Anna van Buerenplein 41, 2595 DA The Hague, The Netherlands. CPG is a wholly owned subsidiary of Conoco Petroleum Operations Inc., which is a wholly owned subsidiary of Burlington Resources LLC, which is a wholly owned subsidiary of ConocoPhillips Company.

5.  Plaintiff Phillips Petroleum Company Venezuela Limited ("CPV") is a subsidiary of CPH. CPV is a Bermuda company having its registered office c/o ConocoPhillips Company, 600 North Dairy Ashford, Houston, Texas, 77079. CPV, together with Plaintiffs CPZ, CPH and CPG, are referred to herein as "ConocoPhillips."

6.  Defendant Girard Street Investment Holdings LLC ("Girard Street") is a limited liability company incorporated under the laws of the Cayman Islands, with its principal place of

business in Connecticut. On information and belief, the sole member of Girard Street is Gramercy Venezuela Opportunity Fund II, an exempted company incorporated under the laws of the Cayman Islands, with its principal place of business in Connecticut. On information and belief, Gramercy Venezuela Opportunity Fund II is managed by Gramercy Funds Management LLC, a Delaware limited liability company, with its principal place of business in Connecticut.

7. Defendants G&A Strategic Investments I LLC, G&A Strategic Investments II LLC, G&A Strategic Investments III LLC, G&A Strategic Investments IV LLC, G&A Strategic Investments V LLC, G&A Strategic Investments VI LLC, and G&A Strategic Investments VII LLC ("G&A Strategic") are limited liability companies organized under the laws of the state of Delaware.

8. Defendant Gramercy Distressed Opportunity Fund, LLC ("Gramercy") is a Delaware limited liability company with its principal place of business in Connecticut. On information and belief, the sole member of Gramercy is Gramercy Special Situations Opportunity I, L.P., a Delaware limited partnership, with its principal place of business in Connecticut. On information and belief, Gramercy Special Situations Opportunity I, L.P. is managed by Gramercy Funds Management LLC, a Delaware limited liability company, with its principal place of business in Connecticut.

9. Defendant Siemens Energy, Inc. ("Siemens") is a Delaware corporation, with its principal place of business in Florida.

10. Defendants Girard Street, Gramercy, G&A Strategic and Siemens are collectively referred to herein as the "Alter Ego Defendants."

11. Defendant the Bolivarian Republic of Venezuela (the "Republic") is a sovereign nation located in South America.

12. Defendant PDVSA is the state-owned oil company and an instrumentality of the Republic. It is headquartered in Caracas, Venezuela.

13. Defendant PDVH is a Delaware corporation with its principal place of business located at 1293 Eldridge Parkway, Houston, Texas 77077. PDVH owns 100% of Citgo Holding.

## JURISDICTION AND VENUE

14. This Court has subject-matter jurisdiction pursuant to the ancillary enforcement jurisdiction doctrine.

15. As described further below, this Court is overseeing numerous Rule 69 judgment enforcement actions against the Republic or PDVSA, collectively being administered under the lead case of *Crystallex International Corp.* v. *Bolivarian Republic of Venezuela*, No. 17-mc-151 (D. Del.) (the "*Crystallex* Action").

16. The Third Circuit has held that this Court has jurisdiction over actions by creditors of the Republic seeking to attach the shares of PDVH on the basis of an alter ego theory. *Crystallex Int'l Corp.* v. *Bolivarian Republic of Venezuela*, 932 F.3d 126, 137, 139 (3d Cir. 2019). For the same reasons, this Court has ancillary enforcement jurisdiction over actions by creditors of the Republic or PDVSA, including Plaintiffs, to seek to attach the shares of Citgo Holding based on a theory that PDVH is the alter ego of the Republic or PDVSA.

17. The Court has personal jurisdiction over the Republic and PDVSA pursuant to 28 U.S.C. § 1330. The Court has personal jurisdiction over PDVH because PDVH is a Delaware corporation. Venue is appropriate pursuant to 28 U.S.C. § 1391(b).

18. The Court also has jurisdiction over the declaratory judgment count against the Alter Ego Defendants. Jurisdiction in a declaratory judgment proceeding exists where the hypothetical direct action would be within the Court's jurisdiction. Because a writ of attachment

proceeding seeking to establish that PDVH is the alter ego of PDVSA or the Republic is within the Court's ancillary enforcement jurisdiction, the Court also has jurisdiction to entertain declaratory judgment actions that seek to litigate the same issues that would arise in a direct proceeding for issuance of a writ of attachment. The Court also has supplemental jurisdiction over the declaratory judgment count pursuant to 28 U.S.C. § 1367.

19. The risk that the Alter Ego Defendants might attempt to obtain writs of attachment against the Citgo Holding shares on the basis of an alter ego theory is real, not conjectural or remote. These parties have commenced actions seeking to establish that PDVH is the alter ego of PDVSA or the Republic in an effort to defeat this Court's *in rem* proceeding to sell the shares of PDVH to satisfy creditors of the Republic or PDVSA.

20. The Court has personal jurisdiction over the Alter Ego Defendants. Siemens and Gramercy have registered judgments in this Court, and have actively participated in the *Crystallex* Action. Girard Street and G&A Strategic have filed Additional Judgment Statements in this Court. In any case, to the extent personal jurisdiction over any of the Alter Ego Defendants is otherwise lacking, this Court could still enjoin those defendants as in "active concert or participation" with the other Alter Ego Claimants in an effort to thwart this Court's sale process. In addition, this Court is the only available forum in which creditors of PDVSA or the Republic may seek to recover from the shares of PDVH (directly or indirectly), which are located within this District and are in *custodia legis* with this Court. *Princess Lida of Thurn & Taxis* v. *Thompson*, 305 U.S. 456 (1939). Accordingly, pursuant to 28 U.S.C. § 1655, to the extent the Alter Ego Defendants do not voluntarily appear, they may be compelled to appear in this District. *See McQuillen* v. *Nat'l Cash Register Co.*, 112 F.2d 877, 880 (4th Cir. 1940). Requiring their appearance is consistent with fair play and substantial justice under the Fifth Amendment.

21. ConocoPhillips is an appropriate plaintiff to pursue this action. ConocoPhillips has an interest in the PDVH shares as the holder of three attachments on those shares. ConocoPhillips is third-in-line in priority on account of one of its three judgments against PDVSA, and is a Sale Process Party pursuant to the Sale Procedures Order in the *Crystallex* Action. If the Alter Ego Defendants (or others) are able to effectively cut the line and jump ConocoPhillips in priority by reverse veil-piercing, ConocoPhillips' pecuniary interests would be directly affected.

## GENERAL ALLEGATIONS

**I.   Judgment Enforcement Litigation in Delaware**

22. Both the Plaintiffs and the Alter Ego Defendants are creditors of either or both of PDVSA or the Republic.

23. ConocoPhillips holds a judgment against the Republic and two judgments against PDVSA and certain PDVSA affiliates. The judgments arise from three international arbitration awards, two that were recognized by the U.S. District Court for the Southern District of New York and one by the U.S. District Court for the District of Columbia. ConocoPhillips registered each of its judgments with this Court pursuant to 28 U.S.C. § 1963.

24. Gramercy acquired judgment debts owed by the Republic to Tenaris S.A. ("Tenaris") and Talta-Trading e Marketing Sociedade Unipessoal Lda ("Talta"), arising from international arbitration awards that were recognized as judgments of the U.S. District Court for the District of Columbia, and then registered with this Court pursuant to 28 U.S.C. § 1963.

25. Girard Street obtained a default judgment against PDVSA from the U.S. District Court for the Southern District of New York on March 8, 2024, which was subsequently vacated by that court on September 10, 2024. Girard Street's claim against PDVSA is currently being litigated in U.S. District Court for the Southern District of New York.

6

26. G&A Strategic obtained a default judgment against PDVSA from the U.S. District Court for the Southern District of New York on March 8, 2024, which was subsequently vacated by that court on September 10, 2024. G&A Strategic's litigation of its claim in the U.S. District Court for the Southern District of New York has been consolidated with that of Girard Street's action in the same court.

27. Siemens holds a judgment against PDVSA that was originally rendered in favor of Siemens' subsidiary, Dresser-Rand Company ("Dresser-Rand") by the U.S. District Court for the Southern District of New York, and then registered with this Court pursuant to 28 U.S.C. § 1963.

28. Concurrent with the registration of each of its three judgments, ConocoPhillips moved before this Court for a writ of attachment *fieri facias* against the shares of the Delaware corporation PDVH, which are owned by PDVSA.

29. PDVH owns 100% of Citgo Holding, which owns Citgo Petroleum Corporation ("Citgo"), the multi-billion-dollar oil refining company. Both Citgo Holding and Citgo are Delaware incorporated companies.

30. At the time that ConocoPhillips registered its judgments against the Republic and PDVSA in this Court and moved for writs of attachment, attachment of the PDVH shares was blocked by regulations of the U.S Treasury Department's Office of Foreign Assets Control ("OFAC") implementing economic sanctions against the Republic. Exec. Order No. 13850 §§ 1(a), 4(b), 83 Fed. Reg. 55,243 (2019).

31. ConocoPhillips requested that the Court grant and issue its writs of attachment but order the Clerk of Court and the U.S. Marshals to hold off on the execution of its writs pending OFAC authorization. Other judgment creditors of the Republic and PDVSA took similar actions.

32. On March 2, 2022, this Court entered an opinion and order holding that the OFAC sanctions regulations did not prevent it from issuing the writs of *fieri facias*, conditioned on authorization from OFAC. The Court granted ConocoPhillips' requests for writs of attachment, conditioned upon "the Court's receipt of evidence that [OFAC] has either (i) authorized the issuance and service of a writ of attachment or (ii) removed the sanctions under which the PDVH Shares are currently blocked property." This order was subsequently extended and identical relief granted to numerous other creditors of the PDVSA and the Republic.

33. One creditor, Crystallex International Corporation ("Crystallex"), held an unconditional writ of attachment on the PDVH shares as a result of having obtained the writ prior to the imposition of the relevant Venezuela sanctions regulations.

34. This Court, in the *Crystallex* Action, began to formulate procedures to govern a court-ordered sale of the PDVH shares in order to satisfy the judgment debts of PDVSA and its alter-ego, the Republic (the "Sale Process"). The Court appointed a Special Master to implement the Sale Process.

35. To participate in the Sale Process, creditors were required to file an "Attached Judgment Statement" in the *Crystallex* Action to become an "Additional Judgment Creditor" entitled to share in the proceeds of the sale of the PDVH Shares.

36. On May 1, 2023, OFAC issued a special license to the Clerk of Court, which authorized the issuance and service of writs of attachment "for any party named an 'Additional Judgment Creditor' by the Court pursuant to the Sale Procedures Order [in the *Crystallex* Action]."

37. On January 8, 2024, the Court designated creditors who had obtained a conditional or unconditional writ of attachment against the PDVH shares as "Additional Judgment Creditors" pursuant to the terms of the *Crystallex* Action's Sale Procedures Order, including ConocoPhillips,

Gramercy and Siemens. A total of 18 creditors, representing over US $21.3 billion in claims, were designated Additional Judgment Creditors.

38. Girard Street was not named as an Additional Judgment Creditor in the *Crystallex* Action because it did not reach the requisite step required to be named an Additional Judgment Creditor by the deadline set by the Special Master.

39. Nonetheless, Girard Street had participated in the *Crystallex* Action by filing reports advising the Court and the Special Master of its completion of certain steps required in order to be eventually named an Additional Judgment Creditor.[1] On information and belief, Girard Street and Gramercy are affiliates by virtue of their being ultimately controlled by the same parent company, Gramercy Funds Management LLC.

40. G&A Strategic was not named as an Additional Judgment Creditor in the *Crystallex* Action because it did not reach the requisite step required to be named an Additional Judgment Creditor by the deadline set by the Special Master.

41. Nonetheless, G&A Strategic had participated in the *Crystallex* Action by filing reports advising the Court and the Special Master of its completion of certain steps required in order to be eventually named an Additional Judgment Creditor.[2] G&A Strategic is affiliated with both Girard Street and Gramercy Funds Management LLC.[3]

42. Given the large number of creditors who had been granted conditional writs, but none of whom (with the exception of Crystallex) had perfected attachments, the Court was asked

---

[1] Girard Street submitted status reports in the *Crystallex* Action indicating that it had reached Step 2 of the 7 Steps required in order to be an Additional Judgment Creditor.
[2] G&A Strategic submitted status reports in the *Crystallex* Action indicating that it had reached Step 2 of the 7 Steps required in order to be an Additional Judgment Creditor.
[3] Gramercy Funds Management CEO is the signatory on G&A Strategic's underlying note agreement with PDVSA on behalf of G&A Strategic.

to decide the order of priority by which Additional Judgment Creditors could receive proceeds from the sale of the PDVH shares.  The Court ruled that the order of priority among creditors would be determined by the date that each Additional Judgment Creditor moved for a writ of *fieri facias* that was eventually granted.  Thereafter, Gramercy filed a motion requesting that the Court afford equal priority status to all creditors who successfully moved for a writ of attachment during the 2023 calendar year.

43. Gramercy's motion seeking to alter the order of priority was denied on February 15, 2024.

44. On April 5, 2024, the U.S. Marshals Service served the writs of attachment on PDVH and on the Special Master as custodian of the PDVH share certificate in the order of priority determined by the Court.  The following table reflects the order of priority and the approximate outstanding amounts owed to each of the Additional Judgment Creditors, as of February 29, 2024.

| Judgment Holder | Asserted Judgment Amount |
|---|---|
| Crystallex Corporation | US $990,144,701.47 |
| Tidewater Caribe S.A. and Tidewater Investment SRL | US $72,151,974.17 |
| ConocoPhillips (Petrozuata/Hamaca) | US $1,331,585,891.61 |
| OI European Group B.V. | US $643,017,956.33 |
| Huntington Ingalls Incorporated | US $138,771,020.00 |
| ACL1 Investments Ltd., ACL2 Investments Ltd., and LDO (Cayman) XVIIII Ltd. | US $118,532,587.16 |
| Red Tree Investments, LLC | US $179,456,860.70 |
| Red Tree Investments, LLC | US $101,861,405.11 |
| Red Tree Investments, LLC | US $2,499,408.65 |
| Rusoro Mining Limited | US $1,480,861,982.23 |
| ConocoPhillips (Corocoro) | US $48,147,871.58 |
| Koch Minerals Sarl and Koch Nitrogen International | US $456,539,997.52 |
| Gold Reserve, Inc. | US $1,024,940,642.66 |
| Siemens Energy, Inc. | US $193,770,896.48 |
| Consorcio Andino, S.L. and Valores Mundiales, S.L. | US $625,619,645.44 |
| Contrarian Capital Management, LLC | US $290,176,597.88 |
| Contrarian Capital Management, LLC | US $60,113,668.40 |
| Contrarian Capital Management, LLC | US $44,310,827.35 |
| ConocoPhillips (ICSID) | US $10,473,194,297.00 |

| Judgment Holder | Asserted Judgment Amount |
|---|---|
| Pharo Gaia Fund Ltd., Pharo Macro Fund Ltd., and Pharo Trading Fund, Ltd. | US $1,396,434,079.98 |
| Pharo Gaia Fund Ltd., Pharo Macro Fund Ltd., and Pharo Trading Fund, Ltd. | US $389,089,012.30 |
| Rudi Lovati and Alessandro Lucibello Piani | US $160,709,105.28 |
| Gramercy Distressed Opportunity Fund LLC | US $256,375,009.12 |
| Gramercy Distressed Opportunity Fund LLC | US $280,667,040.00 |
| Saint-Gobain Performance Plastics Europe | US $49,368,058.36 |
| Altana Credit Opportunities Fund SPC, Altana Credit Opportunities Fund 1 SP, and Altana Fund LTD, Cayman | US $533,755,544.64 |

45. The total amount of attached judgments as of February 29, 2024 was approximately US $21.3 billion.

46. Gramercy's position in the priority order is #16. Approximately US $20.2 billion is owed to the 15 creditors ahead of Gramercy in priority.

47. Siemens' position in the priority order is #11. Approximately US $6.5 billion is owed to the 10 creditors ahead of Siemens in priority.

48. Girard Street and G&A Strategic are not Additional Judgment Creditors.

49. The Sale Process is ongoing and the Special Master has recommended a winning bidder, an entity controlled by Elliott Investment Management, that has made a conditional bid to buy the shares of PDVH. While the details of that bid are not yet publicly available, the Special Master has represented that the bid is in an amount of up to US $7.2 billion.

**II.     The Alter Ego Defendants' Reverse-Veil Piercing Gambit**

50. Unsatisfied with their junior priority status and the likelihood that the Sale Process will not afford them recoveries, the Alter Ego Defendants have sought to insert themselves into the priority order ahead of Crystallex and the Additional Judgment Creditors by seeking to enforce their judgments and claims through reverse veil-piercing against PDVH, the subsidiary of PDVSA, in order to attach PDVH's only asset, Citgo Holding, or alternatively, to assert claims against

PDVH that would survive the sale (and thus have precisely the same effect as cutting the priority order).

51. Each of the Alter Ego Defendants has filed a complaint in a jurisdiction outside of the District of Delaware, based on the same judgments and claims they pursued in this District and sought to satisfy through the Sale Process.

52. On June 10, 2024, Girard Street filed a complaint against PDVH in the U.S. District Court for the Southern District of New York. Girard Street's complaint seeks a declaration, under both Delaware law and the federal *Bancec* standard, that PDVH is an alter ego of PDVSA. Girard Street seeks a turnover order entitling Girard Street to possession of PDVH's shares of Citgo Holding.

53. On June 10, 2024, G&A Strategic filed a complaint against PDVH in Texas state court in Harris County. G&A Strategic seeks a declaration that PDVH is an alter ego of PDVSA and is joint and severally liable for the default judgment entered against PDVSA and in favor of G&A Strategic. This action was removed to the U.S. District Court for the Southern District of Texas on July 25, 2024.

54. On July 29, 2024, Gramercy filed a petition against PDVH in the Texas state court in Harris County. Gramercy seeks through reverse veil-piercing to hold PDVH liable for the Tenaris and Talta judgment debt owed by the Republic. This action was removed to the U.S. District Court for the Southern District of Texas on August 9, 2024.

55. On October 4, 2024, Siemens filed a petition against PDVH in the Eleventh District Business Court sitting in Harris County, Texas. Siemens seeks a declaration that PDVH is liable for Siemens' judgment against PDVSA as the alter ego of PDVSA.

**III.     The Sale Process is an Adequate Legal Remedy**

56.     Because PDVH, Citgo Holding and Citgo are all incorporated in Delaware, Delaware law governs the alter ego and reverse veil-piercing analyses regardless of the venues in which the Alter Ego Defendants have brought their claims. The internal affairs choice of law doctrine requires the application of the law of the state of incorporation when dealing with "matters that pertain to the relationships among or between the corporation and its officers, directors, and shareholders." *VantagePoint Venture Pr's 1996* v. *Examen, Inc.*, 871 A.2d 1108, 1113 (Del. 2005).

57.     Reverse veil-piercing claims implicate different policies and require a different analytical framework from the more common attempts to pierce the corporate veil of a parent corporation to satisfy its subsidiary's debts. Delaware courts have warned that creditors seeking to engage in reverse veil-piercing must "grapple with the different implications" as opposed to standard upward veil-piercing. *Cancan Dev., LLC* v. *Manno*, 2015 WL 3400789, at *22 (Del. Ch. May 27, 2015), *aff'd*, 132 A.3d 750 (Del. 2016).

58.     Reverse veil-piercing inherently creates risk of harm to third parties that is "often avoidable because judgment creditors can invoke other claims and remedies to achieve the same outcome." *Manichaean Cap., LLC* v. *Exela Techs., Inc.*, 251 A.3d 694, 712 (Del. Ch. 2021). Reverse veil-piercing is a tool available to avoid injustice *only where* other legal and equitable means are unavailing, and there is no alternative remedy at law. *See Sky Cable, LLC* v. *DIRECTV, Inc.*, 886 F.3d 375 (4th Cir. 2018); *Manichaean*, 251 A.3d at 716.

59.     In addition to the traditional "alter ego" factors for a veil-piercing claim, for reverse veil-piercing Delaware courts consider "the extent to which other claims or remedies are

13

practically available to the creditor at law or in equity to recover the debt." *Manichaean*, 251 A.3d at 715.

60. The Alter Ego Defendants' reverse veil-piercing claims fail because they cannot show that there is no alternative adequate legal or equitable remedy available. The Sale Process is an adequate alternative legal remedy. Each of the Alter Ego Defendants has participated in the Sale Process to some extent. *See* D.I. Nos. 656, 672, 673, and 675 in the *Crystallex* Action. That the Sale Process may leave their judgments unsatisfied does not render that remedy inadequate.

61. Because the Sale Process is plainly a legal remedy available to creditors of PDVSA and the Republic, reverse veil-piercing is unavailable.

### IV. PDVH and Citgo Are Adequately Capitalized

62. Further, and in any event, the Alter Ego Defendants' veil-piercing claims fail because they cannot show that PDVSA has rendered PDVH "undercapitalized."

63. Establishing that a subsidiary is undercapitalized is a necessary element of the alter ego analysis under Delaware law. *See In re Autobacs Strauss, Inc.*, 473 B.R. 525, 552 (Bankr. D. Del. 2012).

64. PDVH is a holding company which has no debt of its own and is well-capitalized by virtue of the value of Citgo Holding. Citgo Holding is also a holding company with no debt of its own and is well-capitalized by virtue of the value of its subsidiaries.

65. Citgo's 2023 annual reporting disclosed net income of US $2 billion, EBITDA of US $3.3 billion and Adjusted EBITDA of US $3.2 billion for the combined enterprise. Year-end liquidity was reported to be US $4 billion, including full availability under a US $500 million accounts receivable securitization facility.

66. In a June 2023 hearing in the *Crystallex* Action regarding the Sale Process, counsel for Citgo stated that the company was worth "$14, $13 billion." *Crystallex* Action, D.I. 640 (June 29, 2023 Hearing Transcript) at 117:17-18. And as revealed by the Special Master's disclosure of the recommended winning bidder in the Sale Process, at least one bidder values the enterprise at up to US $7.2 billion.

67. The Alter Ego Defendants cannot demonstrate that PDVH has been left undercapitalized by abuse of corporate formalities by PDVSA.

## COUNT I
### (Declaratory Judgment)

68. Plaintiffs repeat and re-allege paragraphs 1 – 67 of this Complaint.

69. Pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, this Court can determine questions regarding the availability of the Alter Ego Defendants' reverse veil-piercing claims.

70. A real, immediate and justiciable controversy exists between ConocoPhillips and the Alter Ego Defendants with respect to whether the Alter Ego Defendants can use a reverse veil-piercing theory to recover from PDVH on their judgments against the Republic and PDVSA, when an alternate and adequate process for judgment creditors of the Republic and PDVSA exists and is progressing through this Court, and PDVH is adequately capitalized.

71. Because reverse veil-piercing is unavailable under circumstances where other available, adequate legal remedies exist for judgment creditors, including ConocoPhillips and the Alter Ego Defendants, plaintiffs are entitled to a judicial determination that reverse-veil piercing is not available to the Alter Ego Defendants.

## COUNT II
### (in the Alternative)

72. If the elements for reverse veil-piercing are otherwise shown to justify imposing liability on PDVH for the debts of PDVSA and the Republic, then the shares of Citgo Holding are assets of PDVSA and the Republic.

73. On information and belief, the shares of Citgo Holding can be found in this District.

74. ConocoPhillips, Crystallex and each of the other Additional Judgment Creditors have registered judgments in this Court.

75. If the elements for reverse veil-piercing are otherwise shown to justify imposing liability on PDVH for the debts of PDVSA and the Republic, the Citgo Holding shares are subject to attachment to satisfy the judgments of the Additional Judgment Creditors.

76. The Court should issue writs of attachment *fieri facias* against PDVH's capital stock in Citgo Holding in favor of each of the Additional Judgment Creditors in the same order of priority already established by this Court in the Sale Process.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs request that the Court enter a judgment in their favor as follows:

1. A judgment declaring that reverse corporate veil-piercing is not available as a remedy to the Alter Ego Defendants under these circumstances where an alternative remedy exists;

2. In the alternative, the Court should issue writs of attachment against PDVH's capital stock in Citgo Holding in favor of each of Crystallex and the Additional Judgment Creditors in the same order of priority already established by this Court in the Sale Process; and

3. Such other and further relief as the Court may deem just and proper.

| | |
|---|---|
| *Of Counsel*: | ROSS ARONSTAM & MORITZ LLP |
| | |
| Michael S. Kim | */s/ Garrett B. Moritz* |
| Marcus J. Green | Garrett B. Moritz (Bar No. 5646) |
| Josef M. Klazen | Elizabeth M. Taylor (Bar No. 6468) |
| Lydia L. Halpern | 1313 North Market Street, Suite 1001 |
| KOBRE & KIM LLP | Wilmington, Delaware 19801 |
| 800 Third Avenue | (302) 576-1600 |
| New York, New York 10022 | gmoritz@ramllp.com |
| (212) 488-1200 | etaylor@ramllp.com |
| michael.kim@kobrekim.com | |
| marcus.green@kobrekim.com | *Attorneys for Plaintiffs ConocoPhillips Petrozuata B.V., ConocoPhillips Gulf of Paria B.V., Phillips Petroleum Company Venezuela Limited, and ConocoPhillips Hamaca B.V.* |
| jef.klazen@kobrekim.com | |
| lydia.halpern@kobrekim.com | |
| | |
| Richard G. Mason | |
| Amy R. Wolf | |
| Michael H. Cassel | |
| WACHTELL, LIPTON, ROSEN & KATZ | |
| 51 West 52nd Street | |
| New York, New York 10019 | |
| (212) 403-1000 | |
| RGMason@wlrk.com | |
| ARWolf@wlrk.com | |
| MHCassel@wlrk.com | |
| | |
| Dated: October 14, 2024 | |