IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CONOCOPHILLIPS PETROZUATA B.V., CONOCOPHILLIPS GULF OF PARIA B.V., PHILLIPS PETROLEUM COMPANY VENEZUELA LIMITED, and CONOCOPHILLIPS HAMACA B.V.,<br><br>Plaintiffs,<br><br>v.<br><br>GIRARD STREET INVESTMENT HOLDINGS LLC, G&A STRATEGIC INVESTMENTS I LLC, G&A STRATEGIC INVESTMENTS II LLC, G&A STRATEGIC INVESTMENTS III LLC, G&A STRATEGIC INVESTMENTS IV LLC, G&A STRATEGIC INVESTMENTS V LLC, G&A STRATEGIC INVESTMENTS VI LLC, G&A STRATEGIC INVESTMENTS VII LLC, GRAMERCY DISTRESSED OPPORTUNITY FUND, LLC, SIEMENS ENERGY, INC., THE BOLIVARIAN REPUBLIC OF VENEZUELA, PETROLEOS DE VENEZUELA, S.A., and PDV HOLDING, INC.,<br><br>Defendants. | C.A. No. 1:24-cv-01140-LPS |

**CONOCOPHILLIPS' RESPONSE TO MOTION BY DEFENDANTS G&A
AND GRAMERCY FOR AN EXTENSION OF TIME TO RESPOND
TO PLAINTIFFS' COMPLAINT**

ConocoPhillips Petrozuata B.V., ConocoPhillips Gulf of Paria B.V., Phillips Petroleum Company Venezuela Limited, and ConocoPhillips Hamaca B.V. ("ConocoPhillips") respectfully submit this opposition to the Motion by Defendants G&A and Gramercy for an Extension of Time to Respond to Plaintiffs' Complaint [D.I. 19].

1. The movants are two of the three Gramercy entities (G&A and Gramercy) that are defendants in the declaratory judgment action commenced by ConocoPhillips. G&A and Gramercy each filed separate actions alleging that PDVH is the alter ego of PDVSA in Texas state court in June and July 2024, when the more than three year process for the sale of the

1

PDVH shares was nearing its conclusion. These Texas actions are pursuing recovery on claims that G&A and Gramercy purchased in 2018 and early 2023, respectively, and for which they submitted Attached Judgment Statements in August 2023. The actions could have been commenced substantially earlier, but instead were filed just as the sale process was expected to reach its conclusion, and only after the priority of attached judgments ensured that they were unlikely to see a recovery.

2. The Special Master responsible for the sale of the PDVH shares has told this Court that G&A and Gramercy's filings have disrupted the Court's sale process. As the Court knows, as a result of the alter-ego actions, the bidder with whom the Special Master has worked most closely, Amber Energy, now insists that all sale proceeds must be held in escrow until any potential alter ego liability has been addressed. ConocoPhillips and virtually all other attached judgment creditors find this requirement unworkable. Accordingly, ConocoPhillips filed this declaratory judgment action seeking a ruling that PDVH is not the alter ego of PDVSA to help facilitate a sale of the PDVH shares on terms that will be acceptable to creditors.

3. Neither ConocoPhillips nor its counsel would normally decline a request for an extension of time of this nature. But G&A and Gramercy's request for an extension of time should be viewed in light of the surrounding circumstances, where G&A and Gramercy have engaged in litigation tactics that have already been disruptive to the sale process. Because any delay in the resolution of the alter ego issue will also further delay the closing of the sale, ConocoPhillips believes the case needs to move forward without delay.

4. G&A and Gramercy argue that their time to answer or move should be 14 days after the Court rules on the Special Master's Injunction Motion. While the Injunction Motion and the proposed order raise the possibility that G&A and Gramercy will be barred from

proceeding elsewhere and could choose to file alter ego claims in this Court, ConocoPhillips' request for a declaratory judgment is not dependent on the Court's entry of an injunction against the other actions, or on the Gramercy entities' decision to either proceed here or not. It is a standalone action for a declaration that reverse veil piercing is unavailable under the circumstances presented by this case.

5. G&A and Gramercy point to the fact that not all defendants have been served as a reason why it is "appropriate" to extend the time to respond to the complaint. However, as of October 29, Girard Street has been served in the Cayman Islands. And regardless, service on Girard Street has no bearing on the ability of G&A and Gramercy to answer or move. Further, the three Gramercy entities are represented by the same counsel. Through that same counsel, the three entities brought alter ego claims in three different courts on nearly identical complaints. Girard Street joined the other two defendants in responding to the Special Master's Injunction Motion in a combined brief represented by the same counsel. Girard Street is clearly aware of these proceedings but refused to authorize its counsel to accept service, instead requiring ConocoPhillips to proceed with service in the Cayman Islands. Though unnecessary and expensive, Girard Street had the legal right to insist on formal service of process, as it has done, but that is not good cause for an extension for its two affiliates located in the U.S. represented by the same counsel.

6. Moreover, it seems unlikely that these parties actually have a substantive need for more time to prepare an answer or motion in response to the declaratory judgment action. Each of the three Gramercy entities has already drafted and served alter ego complaints and thus presumably knows the governing law. Further, Girard Street has already prepared a response to

PDVH's motion to dismiss in the Southern District of New York action, which is due on October 30, 2024.

7. The other two defendants, the foreign states or instrumentalities PDVSA and the Republic, are defendants only on Count 2. Service on those parties should have no bearing on the ability to adjudicate Count 1, in which they are not named as parties. Indeed, Count 2, which seeks a writ of attachment against PDVH's only material asset, the CITGO Holding shares, on behalf of all attached judgment creditors in their existing order of priority, may never need to be adjudicated, as it is pleaded in the alternative only in the event that the Court determines that PDVH *is* the alter ego of PDVSA. PDVSA and the Republic are obviously on notice of these proceedings, and if they wish to be heard, they are capable of making their views known.

8. ConocoPhillips believes it is critical that the issue of whether reverse veil piercing is available here be resolved as quickly as possible so as to permit the sale process to move forward. It is for that reason that ConocoPhillips declined the request for an extension, and respectfully requests the Court's pardon for its having been burdened with an issue of this nature.

WHEREFORE, ConocoPhillips respectfully requests that G&A and Gramercy's Motion for an Extension of Time to Respond to Plaintiffs' Complaint be denied.

*Of Counsel*:

Michael S. Kim
Marcus J. Green
Josef M. Klazen
Lydia L. Halpern
KOBRE & KIM LLP
800 Third Avenue
New York, New York 10022
(212) 488-1200
michael.kim@kobrekim.com
marcus.green@kobrekim.com
jef.klazen@kobrekim.com
lydia.halpern@kobrekim.com

Richard G. Mason
Amy R. Wolf
Michael H. Cassel
WACHTELL, LIPTON, ROSEN
  & KATZ
51 West 52nd Street
New York, New York 10019
(212) 403-1000
RGMason@wlrk.com
ARWolf@wlrk.com
MHCassel@wlrk.com

Dated: October 30, 2024

ROSS ARONSTAM & MORITZ LLP

*/s/ Garrett B. Moritz*
Garrett B. Moritz (Bar No. 5646)
Elizabeth M. Taylor (Bar No. 6468)
1313 North Market Street, Suite 1001
Wilmington, Delaware 19801
(302) 576-1600
gmoritz@ramllp.com
etaylor@ramllp.com

*Attorneys for Plaintiffs ConocoPhillips Petrozuata B.V., ConocoPhillips Gulf of Paria B.V., Phillips Petroleum Company Venezuela Limited, and ConocoPhillips Hamaca B.V.*