IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CONOCOPHILLIPS PETROZUATA B.V., CONOCOPHILLIPS GULF OF PARIA B.V., PHILLIPS PETROLEUM COMPANY VENEZUELA LIMITED, and CONOCOPHILLIPS HAMACA B.V.,<br><br>*Plaintiffs*,<br><br>v.<br><br>GIRARD STREET INVESTMENT HOLDINGS LLC, G&A STRATEGIC INVESTMENTS I LLC, G&A STRATEGIC INVESTMENTS II LLC, G&A STRATEGIC INVESTMENTS III LLC, G&A STRATEGIC INVESTMENTS IV LLC, G&A STRATEGIC INVESTMENTS V LLC, G&A STRATEGIC INVESTMENTS VI LLC, G&A STRATEGIC INVESTMENTS VII LLC, GRAMERCY DISTRESSED OPPORTUNITY FUND, LLC, SIEMENS ENERGY, INC., THE BOLIVARIAN REPUBLIC OF VENEZUELA, PETROLEOS DE VENEZUELA, S.A., and PDV HOLDING, INC.,<br><br>*Defendants*. | No. 1:24-cv-01140-LPS |

**G&A'S AND GRAMERCY'S REPLY IN SUPPORT OF THEIR MOTION FOR AN EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' COMPLAINT**

Movants submit this reply in further support of their motion for an extension of time to respond to the Complaint. D.I. 19 ("**Motion**").[1]

1.  Good cause continues to exist for a reasonable extension of Defendants' deadline to move, answer, or otherwise respond to Plaintiffs' Complaint because not all defendants have

---

[1] Capitalized terms have the meanings specified in the Defendants' Motion for an Extension of Time to Respond to Plaintiffs' Complaint ("**Extension Motion**"). D.I. 19. All docket citations are to this suit's docket, No. 1:24-cv-01140-LPS, unless otherwise noted.

1

been served.  Motion ¶¶ 1–3.  Further, because of the intertwined nature of the Injunction Motion and this suit, judicial economy justifies an extension of time until after the Court has ruled on the Injunction Motion.  *See* Motion ¶¶ 4–7.

2. Plaintiffs' arguments in opposition are unavailing.  Plaintiffs' own actions belie any purported urgency in resolving their declaratory judgment claims.  D.I. 21 ("**Opp.**"), ¶ 3.  Movants filed their Alter Ego Actions on June 10 and July 30, 2024, whereas Plaintiffs did not file their Complaint until October 10, 2024.  Nor would accelerating the schedule in this case necessarily impact the schedule for the *Crystallex* sale process.  As the Court well knows, the sale is currently at a stalemate for reasons that extend well beyond Movants' Alter Ego Claims, including questions as to whether the deal signed by the Special Master comports with Delaware law.  *See e.g. Crystallex* D.I. 1373.  The Court will not start sorting out those issues until *after* its decision on the Injunction Motion, as reflected in the Court's October 23 Oral Order which provides that, after further submissions, the Court will hold a status conference to discuss the sale process and related issues.  *Crystallex,* D.I. 1389.

3. Further undercutting the purported urgency of resolving the declaratory judgment action is Plaintiffs' lackadaisical approach to serving the remaining defendants.  Plaintiffs never made a request to Movants seeking a waiver of service under Federal Rule of Civil Procedure 4(d), and made no effort at all to serve Girard Street or seek its counsel's waiver of service until earlier this week.  And despite having named PDVSA and the Republic of Venezuela as defendants in an effort to manufacture federal subject matter jurisdiction—which is otherwise lacking in a declaratory judgment action among non-diverse parties—Plaintiffs do not claim to have made any effort to serve them with the Complaint.

4. Plaintiffs also erroneously argue that this case can be considered in isolation as "a standalone action for a declaration that reverse veil piercing is unavailable under the circumstances presented by this case." Opp., ¶ 4. The Complaint, the Opposition, and Plaintiffs' filings in *Crystallex* show that this claim was belatedly filed to supplant Movants' Alter Ego Actions pending in New York and Texas. Compl., ¶ 21; Opp., ¶ 2; *Crystallex* D.I. 1389. Further confirming the interconnectedness of the proceedings, the allegations in the Complaint set forth in detail the Court's proceedings in *Crystallex*, and the Civil Cover Sheet lists *Crystallex* as a related case. Compl., ¶ 28-49; D.I. 1-1 at 2. A ruling by the Court denying the Injunction Motion would support dismissal of this second-filed declaratory judgment action, whereas allowing this case to go forward in parallel with the Alter Ego Actions would impose on Movants and the Court precisely the kind of wasteful litigation the first-filed rule is designed to prevent. *See Chavez v. Dole Food Co., Inc.*, 836 F.3d 205, 219 (3d Cir. 2016) (noting that first-filed suits should take priority over subsequent duplicative suits to avoid wasting judicial resources).

5. Finally, Plaintiffs also argue, mistakenly and for the first time in their Opposition, that the Court can adjudicate Count 1 of the Complaint without Venezuela's and PDVSA's participation as defendants, so that incomplete service should not be an issue. Opp., ¶ 7. Not so. *First,* Venezuela and PDVSA are named parties to all the claims in the Complaint, which names the same defendants for both Count 1 and Count 2. Compl., ¶¶ 6–13. Plaintiffs' attempt to implicitly amend their Complaint in their opposition is thus improper. *Second*, and more importantly, the Court's subject matter jurisdiction to hear Plaintiffs' Count 1 is expressly predicated on the Court's alleged jurisdiction to hear Count 2. Compl., ¶ 18 (arguing that the Court has jurisdiction over the declaratory judgment claims in Count 1 because it would have ancillary jurisdiction to hear Plaintiffs' claims for a writ of attachment against PDVH on an alter ego theory

in Count 2). Attempting to proceed with Count 1 without adjudicating Count 2, as proposed by Plaintiffs, would result in an advisory opinion, wasting judicial resources and doing nothing to resolve the alter ego claims.

WHEREFORE, Movants respectfully request that the [Proposed] order on Gramercy's and G&A's Motion for an Extension of Time to Respond to Plaintiffs' Complaint (in the form submitted as Exhibit A to the Motion) be GRANTED.

Dated: October 30, 2024

Respectfully submitted,

*/s/ Theodore A. Kittila*
Theodore A. Kittila (Bar No. 3963)
**HALLORAN FARKAS + KITTILA LLP**
5722 Kennett Pike
Wilmington, DE 19807
(302) 257-2025
tk@hfk.law

William H. Taft V*
Juan Fandiño*
**DEBEVOISE & PLIMPTON LLP**
66 Hudson Boulevard
New York, NY 10001
(212) 909-6000
whtaft@debevoise.com
jfandino@debevoise.com

          */s/ Andrew H. Sauder*
Andrew H. Sauder (Bar No. 5560)
**DAILEY LLP**
1201 N. Orange St., Ste. 7300
Wilmington, DE 19801
(302) 415-3560
asauder@DaileyLLP.com

Michael Baratz**
Emma Marshak**
**STEPTOE LLP**
1330 Connecticut Avenue, NW
Washington, DC 20036
(202) 429-3000
mbaratz@steptoe.com
emarshak@steptoe.com

*Counsel to G&A Strategic Investments I LLC,*
*G&A Strategic Investments II LLC,*
*G&A Strategic Investments III LLC,*
*G&A Strategic Investments IV LLC,*
*G&A Strategic Investments V LLC,*
*G&A Strategic Investments VI LLC, and*
*G&A Strategic Investments VII LLC*

\* Admitted *pro hac vice*
\** Motion for admission *pro hac vice* pending or to be promptly filed

5